IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| REGAND RENDELL HARRIS | § | |
| v. | § | CIVIL ACTION NO. 6:10cv4 |
| JUDGE BASCOM BENTLEY III | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Regand Harris, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Harris complained that on November 10, 2009, while incarcerated in the Anderson County Jail, he wrote a letter to his girlfriend Jacklyn Burris, who was also in jail. He received the letter back saying that he was to have no contact with her. Harris contended that the letter had been stopped by Judge Bentley, whom he said was Burris' step-father, but offered no evidence to support this supposition. The only relief sought by Harris in the lawsuit was that a copy of the lawsuit be served upon Judge Bentley.

After review of the pleadings, the Magistrate Judge issued a Report on February 5, 2010, recommending that the lawsuit be dismissed. The Magistrate Judge observed that isolated instances of interference with mail do not amount to constitutional violations, prisoners have no absolute right to correspond with other prisoners, and Harris' contention that the letter had been

1

stopped by Judge Bentley was purely speculative. Thus, the Magistrate Judge recommended that the lawsuit be dismissed.

Harris filed objections to the Magistrate Judge's Report on February 16, 2010. In his objections, Harris says that the stoppage of the correspondence without a court order is a violation of his constitutional rights because "there is no legal statute that states a person can stop your mail because they want to." He also says that his claims are not speculative because he has the evidence which states that he, Judge Bentley, was "the one that did it," and that he has "a right to correspondence from family, friends, as well as others."

As the Magistrate Judge said, there is no absolute right for prisoners to correspond with other prisoners. *See, e.g.*, Cardona v. Menifee, 258 Fed.Appx. 642, 2007 WL 4371736 (5th Cir., December 11, 2007) (no general First Amendment right to communicate with prisoners in other prison units), *citing* Turner v. Safley, 482 U.S. 78, 91 (1987). Thus, the fact that Harris' letter to Burris was stopped, at a time when both of them were in jail, does not by itself set out a constitutional claim, and Harris' contention to the contrary is without merit.

Although Harris says that "he has the evidence" showing that Judge Bentley was "the one who did it," he fails to state what this evidence is, nor does he show that his claim is anything other than speculation. Even assuming that Harris does have such evidence, however, and could prove that Judge Bentley had stopped his mail, he nonetheless has not shown a constitutional violation. His objections to the Report of the Magistrate Judge are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted. 28 U.S.C. §1915A. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 17th day of March, 2010.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE